IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BRYNDON FISHER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES, )<br>)<br>Defendant. )<br>) | No. 15-1575C<br>(Judge Wheeler) |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the rules of the United States Court of Federal Claims, defendant, the United States, respectfully submits this motion to dismiss plaintiff Bryndon Fisher's complaint for failure to state a claim for which relief can be granted, because plaintiff has not complied with the conditions of the alleged contract and has not alleged a regulatory framework that provides a monetary remedy for his claims. The purported contract and framework mandates that plaintiff submit claims for all alleged errors in billing within 90 days of the date of the bill to the Public Access to Court Electronic Records (PACER) Service Center. Because he has not alleged that he (or any member of the purported class) has done so, plaintiff has failed to state a claim upon which relief can be granted.

## BACKGROUND

PACER is an electronic public access service that allows users to obtain case and docket information online from federal appellate, district, and bankruptcy courts, and the PACER Case Locator. Compl. ¶ 9, ECF No. 1; https://www.pacer.gov/. "PACER is provided by the Federal Judiciary in keeping with its commitment to providing public access to court information via a centralized service." *Id.* To that end, PACER allows users to access Court documents for $0.10

per page, up to a maximum charge of $3.00 per transaction.  *Id.* ¶ 2.  Plaintiff does not dispute that PACER accurately calculates the number of pages, and therefore the appropriate charges, when documents are filed in .pdf format.  Plaintiff notes that for an HTML-formatted report, such as a docket report, PACER charges based on the "bytes extracted" for a docket sheet "before the document is reformatted as a webpage."  *Id.* ¶¶21-25.

Plaintiff claims that when a user seeks a docket report, PACER "uses a formula" that miscalculates the number of pages, and an overcharge results.  *Id.* ¶¶ 1-3.  Plaintiff alleges that over the past two years, he accessed 184 court dockets and paid a total of $109.40, representing an alleged overcharge of $37.00.  *Id.* ¶¶ 28-29.  Plaintiff alleges that he has retained "expert consultants" and that the investigation conducted by these experts found that "the PACER system actually miscalculates the number of extracted bytes in a docket report, resulting in an overcharge to users."  *Id.* ¶ 33.  Plaintiff does not explain how he or his experts calculated or obtained the number of bytes that were extracted by PACER before reformatting the docket sheets accessed by plaintiff.

Based on those alleged overcharges, plaintiff asserts class action claims for breach of contract and illegal exaction.  *Id.* ¶¶ 37-63.  The purported class of users contains "All PACER users who within the last 6 years . . . were charged for at least one docket report in HTML format that included a case caption containing 850 or more characters."  *Id.* ¶ 37.[1]  The plaintiff claims that the alleged contract that has been breached "incorporated the terms provided to Plaintiff and the Class during the registration process for PACER, including the PACER User Manual."  *Id.* ¶ 48.

---

[1]  The class excludes the "United States government and the agencies and officers thereof and any judges, justices, or judicial officers presiding over this matter, the members of their immediate families, and their judicial staff."  *Id.* ¶ 38.

The terms provided to all PACER users during the registration process include a requirement that users "must alert the PACER Service Center to any errors in billing within 90 days of the date of the bill." https://www.pacer.gov/documents/pacer_policy.pdf (PACER Policies). Similarly, the PACER User Manual states, "If you think there is an error on your bill, you must submit the Credit Request Form. Requests may also be faxed to the PACER Service Center at (210) 301-6441." https://www.pacer.gov/documents/pacermanual.pdf (PACER User Manual) at 5.[2] The Credit Request Form requires users to "Complete this form and submit it along with a letter of explanation in support of the credit request." It also requires users to provide a "detailed explanation in support of the request for credit," a "list of transactions in question" and a "completed refund request form[3] if payment has been made on the account." Plaintiff does not allege that he, or any other member of the purported class, submitted any claim to the PACER Service Center for the overcharges he alleges in his complaint.

On December 29, 2015, the day after filing his complaint in this Court, plaintiff filed a complaint in the United States District Court for the Western District of Washington. *See* Complaint, ECF No. 1, *Fisher v. Duff,* 3:15-cv-05944 (W.D. Wash) (Settle, J.) (Washington Complaint). In the Washington Complaint, plaintiff claims that he was overcharged by PACER for $37.00 in docket reports and brings a class action for breach of contract and illegal exaction under 28 U.S.C. § 1346(a)(2), the "Little Tucker Act." *See id.* ¶¶ 1-6, 39-65. The purported class in the Washington Complaint excludes PACER users who have been damaged in excess of $10,000 by the alleged billing errors. *Id.* ¶ 39. On March 7, 2016, the Government moved to dismiss the Washington Complaint, in part because the Complaint in this Court was the first-

---

[2] The Pacer User Manual contains a link to the Credit Request Form. *Id.* (https://www.pacer.gov/documents/creditreqform.pdf).

[3] The refund form is available at https://www.pacer.gov/documents/PSC_RefundForm.pdf.

filed, and because plaintiff had failed to state a claim for which relief could be granted based on his failure to submit claims for any alleged overcharges to the PACER Service Center, as was required by the alleged contract.  *See* Mot.to Dismiss, ECF No. 14, *Fisher v. Duff,* 3:15-cv-05944 (W.D. Wash).  Instead of replying to the motion to dismiss, plaintiff amended the Washington Complaint on March 28, 2016 to include a claim for breach of an alleged duty of good faith and fair dealing in the purported contract.  *See id.* ECF No. 16.  On April 6, 2016, the Government moved to dismiss the amended complaint for essentially the same reasons it had moved to dismiss the original complaint.  *See id.* ECF No. 17.

## ARGUMENT

### I.     STANDARD OF REVIEW

When deciding a motion to dismiss under Rule 12(b)(1), the Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff."  *Estes Exp. Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014).  The plaintiff has the burden of proof to establish subject matter jurisdiction by a preponderance of the evidence.  *Id.* at 692.

Pursuant to Rule 12(b)(6), the Court may dismiss plaintiff's complaint if it fails to state a claim upon which relief can be granted.  RCFC 12(b)(6).  In order to defeat a Rule 12(b)(6) motion, plaintiffs must assert "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Barnes v. United States*, 122 Fed. Cl. 581, 582 (2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In deciding a motion under RCFC 12(b)(6), courts may consider "'matters incorporated by reference or integral to the claim,' other matters appearing in the record of the case, and matters of public record of which the court can take judicial notice." *Bowers Inv. Co., LLC v. United States*, 104 Fed. Cl. 246, 253 (2011) *aff'd*, 695 F.3d 1380 (Fed. Cir. 2012) (quoting *Kawa v. United States*, 77 Fed. Cl. 294, 307 (2007)); *see* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2008).

## II.     PLAINTIFF HAS NOT ALLEGED A CONTRACTUAL DUTY OR A BREACH

Plaintiff claims that a contract was created when he registered for a PACER account. Compl ¶ 47.  "This contract incorporated the terms provided to Plaintiff and the Class during the registration process for PACER, including the PACER User Manual." *Id.* ¶ 48.  Plaintiff asserts that the Government breached this alleged contract when, due to an alleged "miscounting," it erroneously overbilled users.  *Id.* ¶ 52.  However, the plain language of plaintiff's alleged contract requires users to submit any potential claim due to errors in billing to the PACER Service Center within 90 days of the date of the bill in question.  PACER Policy; PACER User Manual at 5.  Because plaintiff and the purported class have not done so, they have failed to state a claim for breach of contract.

"To recover for breach of contract, a party must allege and establish: (1) a valid contract between the parties, (2) an obligation or duty arising out of the contract, (3) a breach of that duty, and (4) damages caused by the breach." *San Carlos Irrigation & Drainage Dist. v. United States*, 877 F.2d 957, 959 (Fed. Cir. 1989).  Here, the plain language of the alleged contract requires users to submit potential claims for billing errors to the Pacer Service Center within "90 days of the date of the bill," and requires them to complete and submit the Credit Request Form in order to receive a refund for any billing error.  Accordingly, any contractual duty to refund

users for alleged billing errors is limited to claims that were properly submitted in accordance with the alleged contract. Any claim that the Government breached its obligations under the alleged contract is similarly limited by that contract itself to those alleged breaches that were properly submitted to the PACER Service Center in accordance with the alleged contract. The complaint, however, is silent as to whether plaintiff, or any member of the purported class, has ever submitted any claim whatsoever to the PACER Service Center. Because plaintiff has not alleged a duty arising out of the contract, or a breach of any such duty, the Court should dismiss the complaint.

Essentially, the submission of claims to the PACER Service Center is, by the plain terms of the alleged contract, a condition precedent to any duty to refund billing errors. *See* 13 *Williston on Contracts* § 38:7 (4th ed.) ("A condition precedent is either an act of a party that must be performed or a certain event that must happen before a contractual right accrues or a contractual duty arises.") Because plaintiff has not alleged that this condition precedent was performed, it has not stated a claim for breach of contract.[4]

As with exhaustion of statutory administrative remedies, there are sound policy reasons to require the plaintiff to fulfill his contractual duty to submit any claim to the PACER Service Center. As the Supreme Court noted in *McKart v. United States*, such reasons "are not difficult to understand." *Id.*, 395 U.S. 185, 193 (1969). Since agency decisions "frequently require expertise, the agency should be given the first chance to . . . apply that expertise." *Id.* "And of course it is generally more efficient for the administrative process to go forward without

---

[4] Plaintiff's recitation that he and the purported class "performed their duties under the contract or were excused from doing so," Compl. ¶ 50, is insufficient to withstand a motion to dismiss. *See Ashcroft*, 556 U.S. at 678 (complaints that plead only "a formulaic recitation of the elements of a cause of action" or "naked assertions" devoid of "further factual enhancement" are insufficient to meet the proper pleading standard) (quoting *Twombly*, 550 U.S. at 555, 557).

interruption than it is to permit the parties to seek aid from the courts at various intermediate stages." *Id.*; *see Thomson Consumer Elecs., Inc. v. United States*, 247 F.3d 1210, 1214 (Fed. Cir. 2001) (citing *McKart* while explaining that administrative remedies are sometimes preferable to litigation because "courts may never have to intervene if the complaining party is successful in vindicating his rights" and "the agency must be given a chance to discover and correct its own errors.").

Here, the billing errors at issue are clearly a matter of highly specific expertise. By plaintiff's own admission, they required him to retain "expert consultants with advanced degrees in computer science and substantial expertise in the field" in order to "discover why and how" the allege overcharge occurred. Compl. ¶ 32. If plaintiff would fulfil his contractual obligations and submit a claim for a specific alleged overcharge to the PACER Service Center, he and his experts could engage in a dialog with experts at the PACER Service Center and allow the agency to exercise its expertise regarding the workings of the PACER system and respond directly to plaintiff's concerns about the accuracy of the PACER formula as applied to his actual usage. Such a result is required by the contract, and would also be more efficient than testing plaintiff's speculative theories in Court.[5]

### III.   PLAINTIFF HAS NOT ALLEGED A STATUTORY REMEDY THAT SUPPORTS AN ILLEGAL EXACTION CLAIM

To invoke this Court's jurisdiction over an illegal exaction claim under the Tucker Act,

---

[5] Although not relevant to the outcome of the instant motion, the United States believes that plaintiff's claims regarding the existence of billing errors are incorrect, and arise from plaintiff's misunderstanding of the actual number of bytes "extracted" in preparation of a docket report, a value that is not generally reported to users (and it is unclear from the complaint how plaintiff derived or calculated the values he uses for the amount of bytes extracted). If claims for particular alleged overcharges were submitted in accordance with the alleged contract, representatives of the PACER Service Center could show plaintiff and/or his experts the actual number of bytes that were extracted in preparing a specific docket report.

28 U.S.C. § 1491, "a claimant must demonstrate that the statute or provision causing the exaction itself provides, either expressly or by 'necessary implication,' that 'the remedy for its violation entails a return of money unlawfully exacted.'" *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005) (quoting *Cyprus Amax Coal Co. v. United States*, 205 F.3d 1369, 1373 (Fed. Cir. 2000)).[6]

Here, plaintiff's illegal exaction claim fails because that claim expressly alleges that the terms of the PACER User Manual and "policies and procedures promulgated by the AO" are part of the 'statute or provision' causing the exaction. Compl. ¶ 59-60, 63. That manual and those regulations, however, require all claims regarding billing errors to be submitted to the PACER Service Center. The complaint does not allege that the plaintiff took the necessary steps to receive a refund: submitting the requisite paperwork to the PACER Service Center. Accordingly, plaintiff has failed to allege that the statute and associated regulations provide a remedy for the specific exactions he alleges.

Plaintiff cites the "E-Government Act of 2002, the Electronic Public Access Fee Schedule" as well as "further policies and procedures promulgated by the [Administrative Office of the United States Courts (AO)] in the PACER User Manual," along with "other related policies and procedures promulgated by the AO" as the basis for his exaction claim. Compl. ¶¶ 59-60. He then alleges that these laws and regulations "lead to the ineluctable conclusion that they provide a monetary remedy for fees charged in excess of the prescribed limits." *Id.* ¶ 60. Such a conclusion is far from ineluctable and, other than simply quoting

---

[6] Because the allegation of a proper statute or provision is a jurisdictional issue under the Tucker Act, defendant moves to dismiss the claim under RCFC 12(b)(1). Dismissal is also warranted under RCFC 12(b)(6), because, even if jurisdiction is present under the Tucker Act, plaintiff has alleged a statutory/regulatory framework that expressly requires his claims to be submitted to the PACER Service Center. *See Kipple v. United States*, 102 Fed. Cl. 773, 779 (2012).

excerpts from the statute about what the Judicial Conference and AO may do, plaintiff does not explain why the statutes provide grounds for an illegal exaction claim. *See id.* ¶58.[7]

In fact, plaintiff's proposed remedy – the return of all monies (regardless of whether claims are presented to the PACER Service Center) – is contrary to the express terms of the AO's policies and procedures and the PACER User Manual.  The framework alleged by the plaintiff expressly limits the monetary remedy to those claims that are submitted to the PACER Service Center within 90 days of the bill.  Pacer Policy (users "must alert the PACER Service Center to any errors in billing within 90 days of the date of the bill"); Pacer User Manual at 5 ("If you think there is an error on your bill, you must submit the Credit Request Form.").

Plaintiff's claim is dependent on the inclusion of the PACER User Manual and other AO policies and procedures, including the PACER Policy, because his cited statutory authority states only that the Director of the AO and the Judicial Conference may "prescribe reasonable fees" for PACER information, 28 U.S.C. § 1913, and that those fees are $0.10 per "page" for docket reports, not to exceed thirty pages.  28 U.S.C. §§ 1913, 1914, 1926, 1930, 1932.  This language, standing alone, is insufficient to create the remedy of return of all possible claims (including those not submitted to the AO) . *See Norman*, 429 F.3d at 1096 (dismissing claim where law did not "directly result in an exaction").

Instead, the policies and procedures of the AO are a necessary part of the framework supporting plaintiff's alleged exaction.  The fact that a "page" for purposes of docket reports is calculated using a formula that equates a certain number of bytes extracted with one billable

---

[7] In addition, the statutory authority cited by plaintiff expressly recognizes that the PACER Service Center is a part of the regulatory framework, by including "PACER Service Center" fees as part of the "the Electronic Public Access Fee Schedule" included in the law. *Id.*; *see* Compl. ¶ 60 (listing the "Electronic Public Access Schedule" as a source of authority that plaintiff alleges "provide" a remedy for his claim).

page is essential to plaintiff's exaction claim.  *See* Compl.¶¶ 2-3, 24, 25, 33-36, 58-60.  As admitted by the plaintiff, that formula exists only in the PACER User Manual and other AO policies and procedures.  *See Id.* ¶¶ 24-25.

Those same policies and procedures, however, are fatal to plaintiff's exaction claim, because they also require claims to be submitted to the PACER Service Center within 90 days of the date of the bill.  Accordingly, plaintiff's illegal exaction claim fails for lack of remedy.

## CONCLUSION

For the foregoing reasons, defendant requests the Court dismiss plaintiff's complaint.

        Respectfully Submitted,

        BENJAMIN C. MIZER
        Principal Deputy Assistant Attorney General

        ROBERT E. KIRSCHMAN, JR.
        Director

        /s/Steven J. Gillingham
        STEVEN J. GILLINGHAM
        Assistant Director

        /s/Peter A. Gwynne
        PETER A. GWYNNE
        Trial Attorney
        U.S. Department of Justice
        Civil Division
        Commercial Litigation Branch
        P.O. Box 480
        Ben Franklin Station
        Washington, D.C. 20044
        Telephone:  (202) 616-8239
        Facsimile:  (202) 514-8640
        E-mail:  peter.a.gwynne@usdoj.gov

April 11, 2016        Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 11th day of April, 2016, a copy of the foregoing "MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Peter A. Gwynne