IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| BRYNDON FISHER, | ) |
| Plaintiff, | ) No. 15-1575C |
|  | ) (Judge Wheeler) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## ANSWER

For its answer to the first amended class action complaint of the plaintiff, Bryndon Fisher, defendant admits, denies, and alleges as follows:

The allegations contained in plaintiff's opening paragraph constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required.

1. The allegations contained in the first sentence of paragraph 1 are plaintiff's characterization of its case to which no answer is required. Denies the allegations contained in the second sentence of paragraph 1.

2. Denies the allegation in the first sentence of paragraph 2. Denies that the Public Access to Court Electronic Records system (PACER) "uses a formula based on the number of bytes in a docket to determine the number of billable pages." Admits the remainder of the allegations of paragraph 2 to the extent supported by the alleged contract and/or PACER manual and regulations, which are the best evidence of their contents; otherwise denies the allegations.

3. Denies.

4. Admits that the Administrative Office of the United States Courts (AO) administers and maintains PACER. The remainder of the allegations contained in paragraph 4 constitute conclusions of law to which no answer is required.

5. The allegations contained in paragraph 5 constitute conclusions of law to which no answer is required.

6. The allegations contained in paragraph 6 constitute conclusions of law to which no answer is required.

7. Denies all the allegations contained in the first and third sentences of paragraph 7, and the allegations in the second sentence of paragraph 7 regarding plaintiff's actions, for lack of knowledge or information sufficient to form a belief as to their truth. The remainder of the allegations contained in the second sentence of paragraph 7 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. Admits.

9. Admits the allegations of paragraph 9 to the extent supported by the source cited, which is the best evidence of its contents; otherwise denies the allegations.

10. Admits the allegations of paragraph 10 to the extent supported by the source cited in paragraph 9, which is the best evidence of its contents; otherwise denies the allegations.

11. Denies.

12. Denies.

13. Admits.

14. The allegations contained in paragraph 14 constitute conclusions of law to which no answer is required.

15. Admits the allegations of paragraph 15 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

16. The allegation contained in paragraph 16 constitutes a conclusion of law to which no answer is required.

17. Admits the allegations of paragraph 17 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

18. Admits the allegations of the first sentence of paragraph 18 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegation. The allegation contained in the second sentence of paragraph 18 constitutes a conclusion of law to which no response is required.

19. Admits the allegations of paragraph 19 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegation.

20. Admits the allegations of paragraph 20 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegation.

21. Admits the allegations of paragraph 21 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegation.

22. Admits the allegations of paragraph 22 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegation.

23. Admits the allegations of paragraph 23 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegation.

24. Admits the allegations of paragraph 24 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegation.

25. The allegation contained in paragraph 25 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

26. The allegation that Carl Malamud "is a member of the putative class" constitutes a conclusion of law to which no answer is required; to the extent that it may be deemed an allegation of fact, it is denied. Admits the allegations of the remainder of paragraph 26 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegation.

27. Admits the allegations of paragraph 27 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegation.

28. Admits the allegations of paragraph 28 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegation. The allegation that Mr. Malamud "put the AO on notice" is a conclusion of law and plaintiff's characterization of its case, to which no answer is required.

29. Admits the allegation in paragraph 29 that Bryndon Fisher registered for access to the PACER system. The remainder of the allegations in paragraph 29 are admitted to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegation.

30. Denies the allegations contained in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31. Denies the allegations contained in paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

32. The allegations contained in paragraph 32 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact they are denied.

33. Denies the allegations contained in the first sentence of paragraph 33. Denies the allegations contained in the second sentence of paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth. The allegation contained in the third sentence of paragraph 33 constitutes a conclusion of law to which no answer is required.

34. The allegations contained in paragraph 34 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

35. Denies the allegations in the first sentence of paragraph 35. The allegations contained in the remainder of paragraph 35 constitute conclusions of law to which no answer is required.

36. The premise that PACER overcharges users that is contained in paragraph 36 constitutes a conclusion of law to which no answer is required. The remainder of the allegations in paragraph 36, related to the retention of experts and an investigation by those experts, are denied for lack of knowledge or information sufficient to form a belief as to their truth.

37. Denies the allegation in the first sentence of paragraph 37. Admits that PACER uses a formula based on the number of bytes extracted and charges users $0.10 per 4,320 bytes. Denies the allegations contained in paragraph 37 with respect to the determination made by plaintiff's investigation for lack of knowledge or information sufficient to form a belief as to their truth.

38. Denies the allegations contained in paragraph 38 with respect to the determination made by plaintiff's investigation for lack of knowledge or information sufficient to form a belief as to their truth; denies the remainder of the allegations contained in paragraph 38.

39. Denies.

40. Denies.

41. The allegations contained in paragraph 41 constitute plaintiff's characterization of its case, to which no answer is required.

42. The allegations contained in paragraph 42 constitute plaintiff's characterization of its case, to which no answer is required.

43. The allegations contained in paragraph 43 constitute conclusions of law to which no answer is required.

44. Admits the allegations in the second sentence of paragraph 44 that PACER has over two million users and the allegations in the third sentence of paragraph 44 that the AO's business records may include contact information for PACER users. The remainder of the allegations contained in paragraph 44 constitute conclusions of law to which no response is required.

45. The allegations contained in paragraph 45, including parts A-F, constitute conclusions of law to which no answer is required.

46. The allegations contained in paragraph 46 constitute conclusions of law to which no response is required.

47. The allegations contained in paragraph 47 constitute conclusions of law to which no answer is required.

48. The allegations contained in paragraph 48 constitute conclusions of law to which no answer is required.

49. The allegations contained in paragraph 49 constitute conclusions of law to which no answer is required.

50. Defendant's responses to paragraphs 1 through 49 of the complaint are incorporated by reference.

51. The allegation contained in paragraph 51 constitutes a conclusion of law to which no answer is required.

52. The allegation contained in paragraph 52 constitutes a conclusion of law to which no response is required.

53. The allegations contained in paragraph 53 constitute conclusions of law to which no response is required.

54. The allegations contained in paragraph 54 constitute conclusions of law to which no response is required

55. The allegations contained in paragraph 55 constitute conclusions of law to which no response is required.

56. The allegations contained in paragraph 56 constitute conclusions of law to which no response is required.

57. The allegations contained in paragraph 57 constitute conclusions of law to which no response is required.

58. The allegations contained in paragraph 58 constitute conclusions of law to which no response is required.

59. The allegation contained in paragraph 59 constitutes a conclusion of law to which no response is required.

60. Defendant's responses to paragraphs 1 through 59 of the complaint are incorporated by reference.

61. The allegations contained in paragraph 61 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

62. The allegation contained in paragraph 62 constitutes a conclusion of law to which no answer is required.

63. The allegation contained in paragraph 63 constitutes a conclusion of law to which no answer is required.

64. The allegations contained in paragraph 64 constitute conclusions of law to which no answer is required.

65. The allegations contained in paragraph 65 constitute conclusions of law to which no answer is required.

66. The allegations contained in paragraph 66 constitute conclusions of law to which no answer is required.

67. The allegations contained in paragraph 67 constitute conclusions of law to which no answer is required.

68. The allegations contained in paragraph 68 constitute conclusions of law to which no answer is required.

69. The allegations contained in paragraph 69 constitute conclusions of law to which no answer is required.

70. Defendant's responses to paragraphs 1 through 69 of the complaint are incorporated by reference.

71. The allegations contained in paragraph 71 constitute conclusions of law to which no answer is required.

72. Admits the allegations of paragraph 72 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

73. Admits the allegations of paragraph 73 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

74. The allegations contained in paragraph 74 constitute conclusions of law to which no answer is required.

75. The allegations contained in paragraph 75 constitute conclusions of law to which no answer is required.

76. The allegations contained in paragraph 76 constitute conclusions of law to which no answer is required.

77. The allegations contained in paragraph 77 constitute conclusions of law to which no answer is required.

78. The allegations contained in paragraph 78 constitute conclusions of law to which no answer is required.

79. The allegations contained in paragraph 79 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required.

80. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 79, or to any relief whatsoever.

81. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | BENJAMIN C. MIZER<br>Principal Deputy Assistant Attorney General |
|  | ROBERT E. KIRSCHMAN, JR.<br>Director |
|  | /s/Steven J. Gillingham<br>STEVEN J. GILLINGHAM<br>Assistant Director |
|  | /s/Peter A. Gwynne<br>PETER A. GWYNNE<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone:  (202) 616-8239<br>Facsimile:  (202) 514-8640<br>E-mail:  peter.a.gwynne@usdoj.gov |
| November 10, 2016 | Attorneys for Defendant |

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 10th day of November, 2016, a copy of the foregoing ANSWER was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Peter A. Gwynne