# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**Bryndon Fisher,** Individually and on
Behalf of All Others Similarly Situated,

                        Plaintiff,

     v.

**The United States of America,**

                  Defendant.

No. 15-1575C
(Judge Wheeler)

## JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims, plaintiff Bryndon Fisher ("Plaintiff" or "Fisher"), individually and on behalf of all others similarly situated, and defendant the United States of America ("Defendant" or the "Government") (collectively, the "Parties") respectfully submit the following Joint Preliminary Status Report.

### A. JURISDICTION

The Parties state that the court has jurisdiction to entertain this action pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1).

### B. CONSOLIDATION WITH RELATED CASES

The Parties are unaware of any other case which should be consolidated with this case.

### C. BIFURCATION OF DAMAGES AND LIABILITY

At this time, the Plaintiff does not believe that trial of liability and damages should be bifurcated. The Government takes no position on the issue at the present time. Following the

initial discussions between the Parties, the Government should be in a better position to address the issue of bifurcation.

### D. STAY OF PROCEEDINGS

The Parties know of no reason to defer proceedings in this case pending consideration of another case before this court or any other tribunal.

### E. REMAND OR SUSPENSION

No Party seeks remand or suspension.

### F. JOINDER

At this time, the Parties do not believe any other party needs to be joined to the action.

### G. MOTION PRACTICE

The Government filed a motion to dismiss this action on April 11, 2016, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims, for failure to state a claim for which relief could be granted. The Hon. Thomas C. Wheeler denied Defendant's motion to dismiss on September 26, 2016.

At the moment, the Parties do not anticipate filing dispositive motions prior to the completion of discovery.

### H. RELEVANT FACTUAL AND LEGAL ISSUES

Plaintiff brought this action, on behalf of himself and all others similarly situated, to recover for overcharges allegedly caused by a systemic error in the Government's Public Access to Court Electronic Records ("PACER") system, which is administered and maintained by the Administrative Office of the United States Courts (the "AO"). The PACER system provides online access to records from all federal, appellate, district, and bankruptcy courts, as well as the Court of Federal Claims.

The current PACER fee schedule claims to charge users $0.10 for each page in a docket report, up to a maximum charge of $3.00 per transaction. Since the online docket reports are displayed in HTML format, PACER uses a formula based on the number of bytes extracted from the docket to determine the number of billable pages. According to the PACER User Manual, 4,320 bytes = 1 billable page.

Plaintiff alleges that the Government systematically overcharged him and other PACER users for access to certain docket reports. For the two years prior to filing his complaint, Plaintiff accessed 184 HTML-formatted docket reports through PACER. Plaintiff paid $109.40 to the AO for access to these reports. However, based on the number of bytes actually extracted (as allegedly calculated by Plaintiff's expert consultants), Plaintiff believes that the AO should have charged him only $72.40 for access to these reports. Thus, Plaintiff alleges that the Government overcharged him $37.00 (approximately 51%).

Plaintiff alleges that these overcharges constitute a breach of the PACER contract and are in contravention of relevant statutes and regulations. Plaintiff also alleges that these overcharges are an illegal exaction in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

The Government denies that PACER systematically overcharges users for access to electronic records.

The Parties state that the relevant legal issues in this action are:

1.   Whether the Government's PACER system overcharges Plaintiff and the putative class for bytes extracted in breach of the PACER contract;

2.   Whether the Government's charges for bytes extracted constitute an illegal exaction; and

3. Whether the Government's conduct with respect to charges for bytes extracted constitutes a breach of the implied covenant of good faith and fair dealing.

## I. ALTERNATIVE DISPUTE RESOLUTION

The Parties are currently engaged in preliminary settlement discussions, including informal information exchanges regarding the existence and nature of Plaintiffs' alleged billing error.

## J. TRIAL

Both Parties anticipate proceeding to trial should discovery reveal that dispositive motions, ADR, or settlement are inappropriate. Neither Party requests expedited trial scheduling.

## K. ELECTRONIC CASE MANAGEMENT

The Parties state that there are no special issues regarding electronic case management needs.

## L. PRELIMINARY SETTLEMENT DISCUSSIONS

As previously stated, the Parties are currently engaged in preliminary settlement discussions. In furtherance of these settlement discussions, the Parties have agreed to exchange certain documents and information related to the alleged billing error in the PACER system by approximately February 3, 2017. The Parties have agreed to stay initial disclosures and formal discovery deadlines while engaged in these settlement discussions. If no settlement is reached by March 1, 2017, the Parties will promptly meet and confer to set a proposed discovery plan, which shall be submitted to the court for approval. The Parties will submit a subsequent Joint Status Report to the Court no later than March 10, 2017, updating the Court on the status of the Parties settlement discussion and proposing a further case management plan for this action, as appropriate.

Dated: January 3, 2017

Respectfully submitted,

**Schubert Jonckheer & Kolbe LLP**

By:     /s/ Noah M. Schubert
        Noah M. Schubert

Noah M. Schubert
Attorney of Record
*nschubert@schubertlawfirm.com*
Three Embarcadero Ctr Ste 1650
San Francisco, CA 94111-4018
Ph: 415.788.4220
Fx: 415.788.0161

*Attorney for Plaintiff, Individually and*
*on Behalf of All Other Similarly Situated*

Of Counsel:

Robert C. Schubert
*rschubert@schubertlawfirm.com*
Miranda P. Kolbe
*mkolbe@schubertlawfirm.com*
Kathryn Y. Schubert
*kschubert@schubertlawfirm.com*
**Schubert Jonckheer & Kolbe LLP**
Three Embarcadero Ctr Ste 1650
San Francisco, CA 94111-4018
Ph: 415.788.4220
Fx: 415.788.0161

Dated: January 3, 2017

Respectfully Submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

/s/Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

/s/Peter A. Gwynne
PETER A. GWYNNE
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-8239
Facsimile: (202) 514-8640
E-mail:  peter.a.gwynne@usdoj.gov

Attorneys for Defendant