# In the United States Court of Federal Claims

No. 15-1575
(Filed: June 14, 2023)

```
***************************************
BRYNDON FISHER,                         *
                                        *
                    Plaintiff,          *
                                        *
              v.                        *     Certification of Interlocutory Appeal;
                                        *     28 U.S.C. § 1292(d)(2).
                                        *
THE UNITED STATES,                      *
                                        *
                    Defendant.          *
***************************************
```

*Amber L. Schubert*, Schubert, Jonckheer & Kolbe, LLP, San Francisco, CA, counsel for Plaintiff.

*Meen G. Oh*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

## OPINION AND ORDER

**DIETZ, Judge.**

  Before the Court is a motion filed by plaintiff, Bryndon Fisher, requesting that the Court certify for interlocutory appeal its December 7, 2022, opinion and order denying his motion for class certification. The government opposes Mr. Fisher's motion. For the reasons explained below, the Court concludes that Mr. Fisher has not presented a controlling question of law and thus an interlocutory appeal is not warranted. Accordingly, Mr. Fisher's motion to certify for interlocutory appeal is **DENIED**.

**I.  BACKGROUND**

  Mr. Fisher filed a complaint on December 28, 2015, alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and illegal exaction. Compl. [ECF 1]. Mr. Fisher claims that the government overcharged Public Access to Court Electronic Records ("PACER") users for accessing federal court dockets online via a systematic flaw in PACER's billing code. *Id.* at 2. On December 4, 2020, Mr. Fisher filed a motion seeking class certification for his claims under Rule 23 of the Rules of the United States Court of Federal Claims ("RCFC") on behalf of "[a]ll PACER users who, from December 28, 2009 through class certification, accessed a U.S. District Court, Bankruptcy Court, or the U.S. Court of Federal Claims and were charged for at least one docket report." Pl.'s Mot. for Class Certification [ECF 94] at 1.

On December 7, 2022, the Court issued an opinion and order denying Mr. Fisher's motion for class certification. [ECF 133].[1] After reviewing hundreds of pages of briefing and holding oral argument, the Court denied the motion because it found that Mr. Fisher failed to satisfy the predominance and superiority requirements of RCFC 23(b). *Id.* at 1. The Court concluded that Mr. Fisher failed to demonstrate that questions of law or fact common to the members of his proposed class predominated over questions affecting only individual members because the individualized questions of harm and damages overwhelmed the common questions. *Id.* at 3. Further, the Court held that Mr. Fisher failed to establish that a class action would be superior to other available methods for adjudication because the likely difficulties in managing the case as a class action due to the individualized questions of harm and damages far outweighing the other RCFC 23(b)(3) factors. *Id.* at 3-4.

Following the Court's decision, Mr. Fisher requested that the Court certify for interlocutory appeal its December 7, 2022, opinion and order denying class certification. *See* Pl.'s Mot. for Interlocutory App. [ECF 136] at 2. Mr. Fisher contends the following question warrants certification: "whether, at class certification, a plaintiff must prove classwide injury in order to certify a class under RCFC 23(b)(3)." *Id.* at 2. On February 24, 2023, the government filed its opposition to Mr. Fisher's motion. [ECF 137]. Mr. Fisher filed his reply on March 10, 2023. [ECF 138]. Mr. Fisher's motion is now fully briefed and ripe for decision.

## II.   DISCUSSION

The Court concludes that the question presented by Mr. Fisher is not a controlling question of law as required by 28 U.S.C. § 1292(d)(2). As such, certification of interlocutory appeal is not warranted in this case.

"Courts have long understood that '[i]nterlocutory appeals are reserved for exceptional or rare cases . . .'" *Fisher v. United States,* 149 Fed. Cl. 204, 206 (2020) (quoting *White Mountain Apache Tribe v. United States,* No. 17-359, 2018 WL 6293242, at *2 (Fed. Cl. Dec. 3, 2018); *accord Reid v. United States,* 149 Fed. Cl. 328, 330 (2020); *see Zoltek Corp v. United States*, 672 F.3d 1309, 1328 (Fed. Cir. 2012) (Dyk., J. dissenting) (discussing the legislative history of statute authorizing interlocutory appeal). The trial court has discretion on whether to certify an issue for interlocutory appeal. *Fairholme Funds, Inc. v. United States,* 147 Fed. Cl. 126, 129 (2020) (citing *Starr Int'l Co. v. United States,* 112 Fed. Cl. 601, 203 (2013)). Section 1292(d)(2) of Title 28 governs interlocutory appeals and provides that the court certifies issues by "includ[ing] in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(d)(2) (2018). Accordingly, to succeed in its motion, the plaintiff must demonstrate that: (1) there is a controlling question of law; (2) there is a substantial ground for a difference of opinion on the controlling question of law; and (3) termination of the litigation might be materially advanced by an immediate appeal. 28 U.S.C. § 1292(d)(2).

---

[1] For the sake of brevity, this order recites only the facts and background necessary for the resolution of the plaintiff's motion for interlocutory appeal. Additional background information is set forth in the December 7, 2022, opinion. *See Fisher v. United States*, 163 Fed Cl. 178, 181-83 (2022).

Section 1292 first requires the plaintiff to identify a controlling question of law. 28 U.S.C. § 1292(d)(2). A controlling question of law is a question that "materially affect[s] issues remaining to be decided in the trial court." *Coast Fed. Bank, FSB*, 49 Fed. Cl. at 13 (2001) (quoting *Pikes Peak Family Hous., LLC v. United States,* 40 Fed. Cl. 673, 686 (1998)). In this instance, the question of "whether, at class certification, a plaintiff must prove classwide injury in order to certify a class under RCFC 23(b)(3)" does not materially affect the issues remaining to be decided by the Court because this question is based upon a mischaracterization of the Court's class certification opinion and has no bearing on the remaining issue to be decided.

Mr. Fisher mischaracterizes the basis of the Court's class certification opinion, contending that the Court denied class certification on the basis that he was required to demonstrate "classwide harm" and failed to do so. [ECF 136] at 4 (citing [ECF 133] at 7 ("The Court is not convinced that Mr. Fisher's proposed methodologies are capable of establishing classwide harm.")). However, as demonstrated by the following excerpts, the crux of the Court's opinion was that Mr. Fisher failed to propose a methodology which established that harm and damages were *capable of measurement* on a classwide basis:

> Common issues predominate only if the issues that can be resolved by generalized proof "are more substantial than the issues subject only to individualized proof." (quoting *Scott v. Chipotle Mexican Grill, Inc*., 954 F.3d 502, 512 (2d Cir. 2020)).

> \* \* \*

> In his opening report, Dr. Edwards makes bare, speculative assurances of what his proposed methods *could* do, but fails to demonstrate the feasibility of such methods or to account for the individualized differences presented by the customizable options of the PACER search engine.

> \* \* \*

> It is precisely this highly subjective and speculative methodology that "falls far short of establishing that damages are capable of measurement on a classwide basis." (quoting *Comcast Corp. v. Behrend,* 569 U.S. 27, 34 (2013)).

> \* \* \*

> Mr. Fisher's expert did not so much as attempt to implement his methodologies until prompted by the government's experts to do so. The newly constructed and untested methodologies presented by Mr. Fisher are insufficient to demonstrate that they are capable of determining classwide harm or damages.

[ECF 133] at 4, 7, 9.

Nearly half of the Court's opinion focused on the inadequacies of Mr. Fisher's proposed methodologies, which would require attempting to recreate searches for up to four million PACER users—each of whom used any combination of the 12 customizable search options—to detect which members of the class were actually overcharged by PACER and by how much. [ECF 133] at 5-9. The Court drew comparisons to factually similar case law which also highlighted that predominance was not met where "'review of each PACER user's account would be required to determine which potential class members in fact [were harmed].'" [ECF] at 9 (quoting *Theodore D'Apuzzo, P.A. v. United States*, 2018 WL 2688760 (S.D. Fla. Apr. 13, 2018)).

In fact, the Court made abundantly clear that Mr. Fisher's proposed question had no bearing on its decision when it stated the following:

> Mr. Fisher cites [a] case in support of his argument that RCFC 23 does not preclude certification of a class that potentially includes more than a *de minimis* number of uninjured class members. *The Court does not opine on whether a specified percentage of uninjured plaintiffs is fatal to class certification*. However, the Court concludes that predominance is not satisfied where individualized questions of harm or damages *overwhelm* the common questions, thus precluding class certification."

[ECF 133] at 8 n.6 (citations omitted) (emphasis added).

Had this Court held that Mr. Fisher's proposed methodologies demonstrated that the proposed class contained more than a *de minimus* number of uninjured, and that, as such, class certification was precluded, this question may perhaps present a controlling question of law. But, as demonstrated above, the Court based its decision on its *factual* finding that Mr. Fisher's proposed methodologies were insufficient to satisfy the predominance and superiority requirements of RCFC 23(b), not that his proposed methodologies gave rise to more than a *de minimus* number of uninjured class members and precluded class certification. Moreover, a factual determination regarding the sufficiency of a plaintiff's proposed methodologies is not a question fit for interlocutory appeal. *See Century Pacific, Inc. v. Hilton Hotels Corp.,* 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008) ("The question of law certified for interlocutory appeal must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record.") (quotation marks omitted).[2] Notably, this court has held that certification for interlocutory appeal is inappropriate for a denial of class certification where the "case represents a routine (but by no means easy) application of the existing RCFC 23(a) and (b) standards to the circumstances," as is the case here. *Jaynes v. United States,* 69 Fed. Cl. 450, 461 (2006).

---

[2] The language of section 1292(d)(2) "is virtually identical to 28 U.S.C. § 1292(b) . . . which governs interlocutory review by other courts of appeals." *United States v. Connolly*, 716 F.2d 882, 883 n.1 (Fed. Cir. 1983) (en banc). "Because the operative language is identical, the legislative history and case law governing the interpretation of 1292(b) is persuasive in reviewing motions for interlocutory appeal under section 1292(d)(2)." *Abbey v. United States,* 89 Fed. Cl. 425, 429 (2009).

Furthermore, Mr. Fisher's proposed question does not materially affect the remaining issue to be resolved—whether Mr. Fisher was overcharged for his PACER access. This is a liability determination to be made regardless of whether this litigation proceeds as a class action or a single plaintiff action. Accordingly, Mr. Fisher has not identified a controlling question of law and thus, has not satisfied the requirements for certification of interlocutory appeal under 28 U.S.C § 1292(d)(2).[3]

## III. CONCLUSION

Because Mr. Fisher has not presented a controlling question of law, the Court concludes certification for interlocutory appeal is not warranted. Therefore, Mr. Fisher's motion for interlocutory appeal [ECF 136] is **DENIED**.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge

---

[3] Because 28 U.S.C. § 1292(d)(2) acts in the conjunctive and requires that Mr. Fisher demonstrate: (1) a controlling question of law (2) for which there is a substantial ground for difference of opinion and (3) that an immediate appeal from that order may materially advance the ultimate termination of the litigation, his failure to identify a controlling question is fatal to his motion for interlocutory appeal. The Court recognizes, however, that the federal courts of appeals differ on the question of whether a plaintiff must prove classwide injury at class certification in order to certify a class under RCFC 23(b)(3). As Mr. Fisher notes, the Second, Seventh, and Ninth Circuits have found that "a class will often include persons who have not been injured by the defendant's conduct," and that "does not preclude class certification," whereas the First and D.C. Circuits have found that "classes that include[] more than a *de minimus* number of uninjured class members do not satisfy predominance and cannot be certified," thus creating a circuit split. [ECF 136] at 6 (citing collection of cases). This Court noted the circuit split in its class certification opinion, *see* [ECF 133] at 8 n.6, and agrees with Mr. Fisher that this split creates a substantial ground for a difference of opinion. Furthermore, the Court notes that, had Mr. Fisher identified a controlling question of law, granting certification for interlocutory appeal may have materially advanced this litigation. However, under the facts presented here, an immediate appeal would not advance this litigation because the Court did not base its opinion upon the question Mr. Fisher identified for interlocutory review.